BHL 

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2025 SEP 23 P 4:36
CLERK OF COURT

JENNIFER JANE THOM, Plaintiff

COMPLAINT FOR VIOLATIONS ) OF CIVIL RIGHTS. TOM BALGEMAN, individually ) and in his official capacity ) as Personal Representative ) and Trustee; BRANDON PARKS; ) GREG KOTSONIS; JOE STUEBER; ) CLA [FULL NAME]; JUDGE MARK ) ROHRER in his official ) capacity; MANITOWOC COUNTY, ) ) Defendants.

## I. INTRODUCTION

1. This is a civil rights action seeking monetary damages and injunctive relief for systematic violations of Plaintiff's constitutional rights in connection with her deceased father's estate administration.

2. Defendants engaged in a criminal conspiracy to steal Plaintiff's father's multi-million dollar estate through elder financial abuse, professional conflicts of interest, document forgery, and denial of constitutional due process rights.

3. Plaintiff seeks federal court intervention to remove criminal conspirators, protect estate assets, vindicate constitutional rights, and obtain compensatory and punitive damages.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

5. This action arises under 42 U.S.C. §§ 1983 and 1985 (civil rights violations), 18 U.S.C. § 1962 (RICO), and the First, Fifth, and Fourteenth Amendments to the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this judicial district.

7. The probate exception to federal jurisdiction does not apply because Plaintiff seeks constitutional remedies for civil rights violations, not probate of the estate. *Marshall v. Marshall*, 547 U.S. 293 (2006).

## III. PARTIES

## PLAINTIFF

8. Jennifer Jane Thom is a resident of Manitowoc County, Wisconsin, and the primary beneficiary and only child of her deceased father's estate.

## DEFENDANTS

9. **Tom Balgeman** is an attorney licensed in Wisconsin who served as Plaintiff's father's estate planning attorney and is currently serving as Personal Representative and Trustee of the estate and trust, creating unprecedented conflicts of interest.

10. **Brandon Parks** is an attorney licensed in Wisconsin who works as an associate in Tom Balgeman's law firm and has engaged in criminal conduct including breaking and entering, document fraud, and conspiracy.

11. **Greg Kotsonis** is an attorney licensed in Wisconsin who works as an associate in Tom Balgeman's law firm and has engaged in document forgery, fraudulent legal process, and harassment.

12. **Joe Stueber** is a wealth manager who identified Plaintiff's elderly father as a target for financial exploitation and coordinated systematic theft of estate assets.

13. **CLA [Full Name]** is an accounting firm that provided unauthorized services facilitating the conversion of estate funds and illegal business operations.

14. **Judge Mark Rohrer** in his official capacity only as a Judge of the Manitowoc County Circuit Court who violated Plaintiff's constitutional rights through denial of due process and access to courts.

15. **Manitowoc County** is a municipal entity responsible for the actions of its employees and agents, including Judge Mark Rohrer.

## IV. FACTUAL ALLEGATIONS

### A. The Elder Financial Abuse Conspiracy

16. Following Plaintiff's father's purchase of a $1.8 million variable annuity, Defendant Joe Stueber identified the elderly man as a wealthy target for systematic financial exploitation.

17. Joe Stueber introduced Defendant Tom Balgeman to Plaintiff's father specifically to gain legal control over the elderly man's assets through estate planning services.

18. From May through November 2024, while Plaintiff's father was elderly and vulnerable, Defendants systematically stole $10,000 per month from his business bank account, as documented by bank records in Plaintiff's possession.

19. During the week Plaintiff's father was dying in November 2024, Defendant Joe Stueber attempted to transfer $490,000 from the father's Pacific Life annuity to Midland Insurance without the father's signature or authorization.

## B. Criminal Conduct and Asset Seizure

20. During the week of Plaintiff's father's funeral in November 2024, Defendant Brandon Parks broke into the deceased's business premises and changed the locks, despite having no legal authority.

21. A police report was filed documenting this criminal trespass and breaking and entering.

22. Defendants took unauthorized control of business bank accounts that were not titled to any trust and had no beneficiaries listed, requiring these assets to be administered through probate court supervision.

23. Defendants converted these probate assets to investments managed by Joe Stueber and CLA, generating unauthorized fees and commissions while stealing estate property.

## C. Probate Court Corruption and Due Process Violations

24. On May 30, 2025, despite Plaintiff's objection and clear evidence of conflicts of interest, Defendant Judge Mark Rohrer appointed Tom Balgeman as Personal Representative of the estate.

25. Tom Balgeman failed to disclose the existence of a trust in his probate petition, violating disclosure requirements and preventing proper court oversight.

26. During the probate hearing, Judge Rohrer conducted ex parte communications in private chambers, denying Plaintiff due process.

27. Judge Rohrer admitted the will to probate without proper verification or witness testimony, despite requirements under Wisconsin law.

28. On July 11, 2025, Judge Rohrer appointed Tom Balgeman to serve as Trustee as well, creating unprecedented multiple conflicts of interest in violation of fiduciary duties.

## D. Constitutional Violations and Denial of Access to Courts

29. On August 8, 2025, Plaintiff filed a detailed Temporary Restraining Order in probate court, documenting violations and requesting emergency relief to protect estate assets.

30. On September 9, 2025, Judge Rohrer denied Plaintiff's TRO by stating only "I already ruled," without applying required legal standards, without considering evidence of ongoing harm, and without providing constitutional due process.

31. Judge Rohrer's actions denied Plaintiff her fundamental right of access to courts and violated substantive and procedural due process.

### E. Escalating Criminal Activity and Document Fraud

32. Defendant Greg Kotsonis created a fraudulent landlord-tenant document falsely naming himself as landlord and Plaintiff as tenant of her father's home, despite Plaintiff owning her own home two miles away.

33. Based on this fraudulent document, Greg Kotsonis created a false 28-day termination notice served on Plaintiff at 7:15 PM on a Thursday evening in an intimidation attempt.

34. Defendant Brandon Parks organized a surveillance network to monitor Plaintiff's movements and report her location, constituting criminal stalking and harassment.

35. Brandon Parks sent Plaintiff a written confession letter admitting the conspiracy's plans to sell the father's business and home and remove Plaintiff as beneficiary through illegal means.

### F. Invalid Will and Systematic Trust Fraud

36. The purported will contains a signature that does not resemble decedent's genuine signature, suggesting forgery or execution under duress.

37. The will's witnesses failed to sign on the same page as the testator and failed to include the execution location, violating Wisconsin Statute § 853.03.

38. Judge Rohrer admitted this invalid will without required witness testimony or verification.

39. The original trust contained specific amendment procedures requiring letters of intention from the settlor, which were systematically ignored.

40. Four trust amendments were created from 2021-2024, all violating the trust's amendment procedures:

- Amendment #2: Brandon Parks served as conflicted notary
- Amendment #3: Contains decedent's signature on both settlor and witness lines
- Amendment #4: Contains no witness signature
- All amendments lack required letters of intention

41. These systematic document frauds enabled Defendants' criminal enterprise to manipulate legal documents for theft purposes.

### G. Ongoing Asset Theft and Estate Destruction

42. Defendants are systematically destroying Plaintiff's father's estate plan by refusing to fund the trust properly and mixing probate and trust assets illegally.

43. Despite the single-member LLC dissolving upon death per Wisconsin law, Defendants opened unauthorized business accounts and claim to have a "potential buyer" for assets belonging in probate.

44. Plaintiff and her husband have maintained 24/7 security at the father's property, performing maintenance and protection while Defendants attempt to force illegal sales.

45. Each day of continued criminal activity causes irreparable harm to the estate and ongoing constitutional violations against Plaintiff.

## V. CLAIMS FOR RELIEF

### COUNT I - CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)

46. Plaintiff realleges and incorporates by reference all preceding paragraphs.

47. Defendants Judge Rohrer and Manitowoc County, acting under color of state law, violated Plaintiff's constitutional rights including: a. Fourteenth Amendment substantive and procedural due process b. Fundamental right of access to courts c. Equal protection under law

48. These violations were willful, intentional, and in reckless disregard of Plaintiff's constitutional rights.

49. As a direct and proximate result, Plaintiff has suffered constitutional harm, emotional distress, and economic losses.

### COUNT II - CONSPIRACY AGAINST RIGHTS (42 U.S.C. § 1985)

50. Plaintiff realleges and incorporates by reference all preceding paragraphs.

51. Defendants conspired to deprive Plaintiff of her civil rights through coordinated criminal activity including: a. Asset theft and conversion b. Document forgery and fraud c. Denial of due process in probate proceedings d. Systematic elder financial abuse

52. The conspiracy involved overt acts in furtherance of the scheme and caused actual deprivation of Plaintiff's constitutional rights.

## COUNT III - RICO VIOLATIONS (18 U.S.C. § 1962)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs.

54. Defendants operated as a criminal enterprise engaged in a pattern of racketeering activity including: a. Mail fraud and wire fraud in interstate commerce b. Money laundering of stolen estate funds c. Extortion and coercion of estate beneficiary d. Obstruction of judicial proceedings

55. Tom Balgeman's law firm served as the criminal enterprise, with associates Brandon Parks and Greg Kotsonis acting as enforcers and document forgers.

56. The pattern of criminal activity affected interstate commerce through banking, insurance, and wire transfers.

## COUNT IV - ELDER FINANCIAL ABUSE

57. Plaintiff realleges and incorporates by reference all preceding paragraphs.

58. Defendants systematically targeted and exploited Plaintiff's elderly father through: a. Predatory financial schemes following large annuity purchase b. Professional relationship abuse for asset control c. Systematic theft during vulnerable elderly period d. Death-week attempted $490,000 heist

59. This elder abuse violated federal and state laws protecting vulnerable adults from financial exploitation.

## COUNT V - PROFESSIONAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY

60. Plaintiff realleges and incorporates by reference all preceding paragraphs.

61. Attorney Defendants breached professional duties through: a. Conflicts of interest in estate administration b. Failure to properly fund trust despite being paid c. Document forgery and fraudulent legal process d. Conversion of client assets for personal benefit

62. These breaches caused substantial harm to the estate and beneficiaries.

## VI. DAMAGES

63. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered: a. **Economic damages** including theft of estate assets, unauthorized fees, and decreased estate value b. **Constitutional damages** for violations of due process and access to courts c. **Emotional distress** from harassment, surveillance, and systematic abuse d. **Punitive damages** warranted by Defendants' willful and egregious conduct

64. Under RICO, Plaintiff is entitled to treble damages for the criminal enterprise's pattern of racketeering activity.

65. Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

### A. EMERGENCY INJUNCTIVE RELIEF

1. **Remove Defendants Tom Balgeman, Brandon Parks, and Greg Kotsonis** from all involvement in estate administration;
2. **Freeze all estate, trust, and related accounts** to prevent further asset dissipation;
3. **Appoint Plaintiff as Personal Representative** with full legal authority;
4. **Revert trust to March 9, 2017 version** eliminating fraudulent amendments;
5. **Stop all harassment and surveillance** of Plaintiff;

### B. MONETARY DAMAGES

1. **Compensatory damages** in an amount to be proven at trial;
2. **Punitive damages** for willful constitutional violations;
3. **RICO treble damages** for criminal enterprise activity;
4. **Attorney's fees and costs** pursuant to 42 U.S.C. § 1988;

### C. PERMANENT INJUNCTIVE RELIEF

1. **Permanent ban** on Defendants' involvement in estate matters;
2. **Constitutional compliance** orders for future proceedings;

3. **Asset recovery** of all converted funds and property;
4. **Professional discipline** referrals for attorney misconduct;

## D. ADDITIONAL RELIEF

1. **Such other relief** as this Court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,


Jennifer Jane Thom [Your Address] [Your Phone Number] [Your Email] Pro Se Plaintiff

## VERIFICATION

I, Jennifer Jane Thom, hereby verify under penalty of perjury that I have read the foregoing Complaint and that the facts alleged therein are true and correct to the best of my knowledge, information, and belief.

___9/23/2025___ Date: _/s/ Jennifer_ Jennifer Jane Thom

_Jane Thom_