UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER JANE THOM,

    Plaintiff,

v.                                                  Case No. 25-CV-1470

TOM BALGEMAN, et al.,

    Defendants.

## ORDER

Jennifer Jane Thom alleges that those involved in the administration of her father's probate estate are conspiring to steal property. She brought this action against three attorneys (Tom Balgeman, Brandon Parks, and Greg Kotsonis), a wealth manager (Joe Stueber), an accounting firm (CLA), the Wisconsin Circuit Court judge overseeing the probate action (Judge Mark Rohrer), and Manitowoc County. (ECF No. 1, ¶¶ 9-15.)

Thom seeks a temporary restraining order barring the defendants from their involvement in the administration of the estate, freezing all estate property, appointing Thom as personal representative, removing Judge Rohrer from the case, and various other relief. (ECF No. 2 at 7-9.) Thom filed a second motion for a temporary restraining order, to which she attached nearly 100 pages of exhibits. (ECF No. 5.) Thom failed to sign that motion as required by Fed. R. Civ. P. 11(a).

Federal courts lack jurisdiction over probate matters. *Marshall v. Marshall*, 547 U.S. 293 (2006); *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006). Under what is commonly known as the probate exception to federal jurisdiction, state courts alone have the power to consider challenges to the validity of wills, or dispose of estate property, or otherwise administer probate estates. *Marshall*, 547 U.S. at 311-12. This exception applies even when a federal court may otherwise have jurisdiction based either on the diversity of the parties or because a question of federal law is implicated in the action. *Jones*, 465 F.3d at 306. Significantly, the probate exception does not deprive a plaintiff of relief, even relief for violations of federal law. *Id.* at 307. Rather, it merely requires plaintiffs to seek relief in state court. *Id.*

Thom, in her motions for a temporary restraining order, asks this court to intervene in the state probate action to supervise it, if not take it over. This is something a federal court clearly lacks jurisdiction to do. Accordingly, Thom's motions for a temporary restraining order will be denied.

As to Thom's complaint, much of the relief she seeks likewise appears beyond the court's jurisdiction in light of the probate exception. However, the probate exception does not completely foreclose federal jurisdiction to every claim that touches on probate. *Jones*, 465 F.3d at 307-08; *see also Glassie v. Doucette*, 55 F.4th 58, 70 (1st Cir. 2022). Thus, it is plausible that the court has jurisdiction to consider portions of Thom's complaint. However, the court's ability to hear those claims implicates other doctrines limiting a federal court's authority.

Ordinarily, aside from instances where a plaintiff seeks to proceed without prepayment of the filing fee and the court is obligated to review a complaint to determine if it is sufficient to proceed, *see* 28 U.S.C. § 1915, the court leaves it to the defendants to raise non-jurisdictional defects in a complaint. However, the court retains the authority to sua sponte dismiss meritless claims or defendants against whom the plaintiff has no plausible claim. *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) ("district courts are permitted to screen every complaint, regardless of a plaintiff's fee status" (citing 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999))).

There are myriad problems with Thom's complaint that the court finds it must address at this preliminary stage. Judge Rohrer is absolutely immune from a suit for damages for his judicial actions. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)). Thom is clear that she is suing Judge Rohrer for his judicial actions. (ECF No. 1, ¶ 14.) Judicial immunity, however, does not categorically bar injunctive relief. *See Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023). But insofar as Thom is seeking injunctive relief against Judge Rohrer, such relief falls squarely into the probate exception because it is "tantamount to asking the federal district court to take over the administration of the estate." *See Jones*, 465 F.3d at 307. Thus, the court lacks jurisdiction to grant the injunctive relief Thom seeks against Judge

3

Rohrer. Because Thom lacks a plausible claim against Judge Rohrer, he will be dismissed as a defendant.

The court will also dismiss Manitowoc County. Thom states she named Manitowoc County because she believed that it was responsible for the actions of Judge Rohrer as a county employee. With Judge Rohrer's dismissal, even under Thom's theory, there is no claim against Manitowoc County. Beyond that, the doctrine of respondeat superior does not apply to constitutional torts under 42 U.S.C. § 1983. *First Midwest Bank v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). And in any event, Wisconsin Circuit Court judges are employees of the state, not the county. *See* Wis. Stat. § 753.07(1).

Thom lacks a plausible claim under 42 U.S.C. § 1983 because none of the remaining defendants were acting "under color of state law." *Cf. Grow v. Fisher*, 523 F.2d 875, 877 (7th Cir. 1975) (holding that a § 1983 conspiracy claim cannot rely on allegations against an immune co-coconspirator to meet the state action requirement); *Jeremy v. Quasius*, No. 25-CV-1149, 2025 U.S. Dist. LEXIS 161475, at *6 (E.D. Wis. Aug. 20, 2025) (same). That the actions occurred in conjunction with a court proceeding and that a defendant was appointed by the court as personal representative for the estate is not sufficient to plausibly render any defendant a state actor under § 1983. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010); *Davis v. Union Nat'l Bank*, 46 F.3d 24, 26 (7th Cir. 1994); *see also Raglin v. Wisconsin*, No. 25-cv-77-pp, 2025 U.S. Dist. LEXIS 77071, at *16 (E.D. Wis. Apr.

4

23, 2025) (holding that guardians ad litem are not state actors despite being appointed by the court) (citing cases).

Thom's claim under 42 U.S.C. § 1985 must also be dismissed. Although § 1985 allows suits against private individuals who conspire to deprive a person of her constitutional rights, claims such as those Thom presents require "a racial or otherwise class-based invidious discriminatory animus." *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995); *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507-08 (7th Cir. 1994); *Coleman v. United States Marshals Serv.*, No. 25-CV-296, 2025 U.S. Dist. LEXIS 174506, at *9 (N.D. Ill. Sep. 8, 2025). Thom has failed to allege that the defendants purported conspiracy to deprive her of constitutional rights was the result of her membership in any class.

As for Thom's remaining allegations, those claims bump into other non-jurisdictional doctrines limiting when a federal court may act.[1] Under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), federal courts generally will not interfere with ongoing state court proceedings. *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017); *Parejko v. Dunn Cty. Circuit Court*, 209 F. App'x 545 (7th Cir. 2006). But at this preliminary stage it is unclear if *Younger* applies or whether an exception may nonetheless allow the court to consider at least some of Thom's claims. *See Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017).

---

[1] Thom's complaint calls to mind another jurisdictional doctrine—the *Rooker-Feldman* doctrine—which holds that federal courts lack jurisdiction to undo the judgments of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the state case is ongoing, it appears that this doctrine is inapplicable. *See Gilbank v. Wood Cty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024); *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018).

It also may be appropriate for the court to abstain from considering Thom's claims, at least temporarily, to give the state court the opportunity to resolve them. What is commonly known as the *Colorado River* doctrine recognizes that it is inefficient to have two courts simultaneously considering the same questions. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Baek v. Clausen*, 886 F.3d 652, 663 (7th Cir. 2018); *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014); *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 517 (7th Cir. 2001).

However, Thom's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, is both superficially plausible and potentially outside the probate exception such that the court will not sua sponte dismiss it at this most preliminary stage. The court, however, underscores that this conclusion does not represent a finding that Thom has stated a plausible claim for relief. Rather, it reflects only the court's conclusion that it is appropriate to address this claim, and Thom's state law claims, through the ordinary adversarial process. *Cf. Glassie*, 55 F.4th at 69 (finding that the probate exception did not deprive the court of jurisdiction to consider plaintiff's RICO claims); *but see Selseth v. Darwit*, 536 F. Supp. 2d 883, 887 (N.D. Ill. 2008) (dismissing plaintiff's RICO claim for lack of jurisdiction because resolution of the RICO claim hinged on determinations that would invalidate the probate process and thereby violate the probate exception).

In sum, the court must deny Thom's motions for a temporary restraining order because the court lacks jurisdiction to grant the relief she seeks. Judge Rohrer and

Manitowoc County must be dismissed as defendants because Thom has not alleged a plausible claim against either. Nor has Thom alleged a plausible claim under 42 U.S.C. §§ 1983 or 1985. However, the court will allow Thom's RICO and state law claims to proceed past this preliminary stage. Questions of jurisdiction, abstention, and whether the plaintiff has alleged a plausible claim are better addressed through the adversarial process.

**IT IS THEREFORE ORDERED** that Thom's motions for a temporary restraining order (ECF Nos. 2; 5) are **denied**.

**IT IS FURTHER ORDERED** that Judge Mark Rohrer and Manitowoc County are dismissed as defendants.

**IT IS FURTHER ORDERED** that Thom's claims under 42 U.S.C. §§ 1983 and 1985 are dismissed.

Dated at Green Bay, Wisconsin this 2nd day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
